In the Matter of THOMAS S. LEE ENTERPRISES, INC., Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, November 17, 1952.

*Thomas M. Green* and *Nathan Dreizen* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Francis R. Curran* of counsel), for respondent.

FOSTER, P. J. Bamberger Broadcasting Service, Inc., a New Jersey corporation (referred to hereafter as Bamberger), was an original licensee for the operation of radio station WOR, now located in New York City. Besides a radio transmitter it also provided its own programming service and studio functions. Later a corporation was formed for the purpose of operating the studio and furnishing programs. That corporation, known as the WOR Program Service, Inc. (hereafter called Program Service), was incorporated in the State of New York. Both corporations were wholly owned subsidiaries of R. H. Macy & Co., Inc.

Prior to August 1, 1948, Program Service employed 330 persons in connection with its program service. On that date it transferred such functions back to Bamberger, and also 290 of its employees. After this transfer however Program Service still retained its corporate charter and continued to do business in the State of New York by way of operating the commercial sales, artists' service, recording studios and entertainment department of radio station WOR.

After the transfer mentioned Bamberger became General Teleradio, Inc., effective as of January 1, 1950. This last-named corporation filed with the Industrial Commissioner on December 15, 1950, an application for a refund of unemployment insurance taxes in the amount of $10,842.12 paid during the third and fourth quarters of the calendar year 1948. The basis of this claim was that Program Service, prior to the transfer of August 1, 1948, had already paid contributions for its employees, and that following the transfer Bamberger again paid contributions for the same employees during the remaining quarters of the year. While the claim was pending another corporate change was made: General Teleradio, Inc., was succeeded by Thomas S. Lee Enterprises, Inc., a California corporation and the appellant here. The claim for a refund was denied, and an appeal has been taken to this court.

The statute involved (Labor Law, § 518) reads as follows: " 1. Limitation. ' Wages ' means all remuneration paid, except that such term does not include remuneration paid to an employee by an employer after three thousand dollars have been paid to such employee by such employer with respect to

employment during any calendar year. The term ' employ-ment ' includes for the purposes of this subdivision services constituting employment under any unemployment compensation law of another state or the United States.

" 2. Joint consideration. If an employer has acquired all or substantially all the assets of another employer liable for contributions under this article and has assumed liability for unpaid contributions, if any, due from such other employer, remuneration paid by both employers shall be deemed paid by a single employer for the purposes of this section." (Added by L. 1944, ch. 705, § 1; amd. by L. 1944, ch. 702; L. 1947, ch. 205; L. 1948, ch. 53, eff. Feb. 28, 1948.)

The crux of the matter is whether by the transfer of August 1, 1948, Bamberger acquired " all or substantially all the assets " of Program Service. There is evidence that based on book cost 86.11% of Program Service's operating assets were transferred; at net book value 84.25%, and at replacement cost 84.88%. The referee and the board found that Program Service transferred somewhere between 84% and 86% of its assets, and this finding is well within the bounds of the evidence. The referee and the board might also have found that Program Service continued in business after the transfer but they made no specific finding to this effect. The board however did find that the transfer from Program Service only involved certain functions, and the assets relating to those functions. Its conclusion was that all or substantially all of the assets of Program Service were not acquired by Bamberger.

We find nothing in the decision appealed from that requires reversal as a matter of law. The Legislature in the enactment of the statute under consideration fixed no arbitrary percentages upon which to base a determination. It necessarily follows that the issue of whether all or substantially all of the assets of a business have been transferred falls largely within the realm of fact. Where, under all the circumstances, there is room for a divergence of opinion the administrative determination must be accepted.

No purely mechanical formula for the solution of such an issue can be found except by legislative fiat. Under the circumstances we cannot say that the determination of the board was unreasonable or arbitrary either as a matter of law or fact.

The amendment to the statute in 1951 (L. 1951, ch. 791, eff. April 12, 1951) relating to the transfer of a " segregable portion " of assets has no application to the instant claim except

that it adds force to the board's construction of the statute in force at the time the claim arose.

The decision should be affirmed, with costs to the Industrial Commissioner.

BREWSTER, BERGAN and COON, JJ., concur; HEFFERNAN, J., taking no part.

Decision affirmed, with costs to the Industrial Commissioner.